UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

RICARDO B. MARONES,

Petitioner,

v.

MINNESOTA DEPARTMENT OF CORRECTIONS,

Respondent.

---

Civil File No. 00-1947 (RHK/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED WITH PREJUDICE pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

On July 31, 1998, Petitioner pleaded guilty to a state drug law violation. He was sentenced to 68 months in prison, but his sentence was stayed on the condition that he serve one year in a county jail and abide by certain terms of probation. Shortly after completing his one-year jail term, Petitioner tested positive for cocaine -- a violation of the

---

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED AUG 25 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD____________
DEPUTY CLERK____________

terms of his probation. A probation revocation hearing was conducted, and the trial court judge concluded that Petitioner's probation should be revoked, and that his original prison sentence should be reinstated. Petitioner is now serving that sentence at the Minnesota Correctional Facility in Faribault, Minnesota.

After the trial court revoked Petitioner's probation and sent him to prison, Petitioner filed a direct appeal with the Minnesota Court of Appeals. There he argued that (1) the trial court had abused its discretion in determining that Petitioner's cocaine use was an intentional act, and (2) the trial court abused its discretion in concluding that the need for Petitioner to be incarcerated outweighed the policies favoring probation. The Court of Appeals rejected both of Petitioner's claims on the merits, and upheld the trial court's decision. State v. Marones, No. C4-99-2069, (Minn.App. 2000), 2000 WL 228411 (unpublished opinion). Petitioner's application for further review in the Minnesota Supreme Court was denied on June 13, 2000.

On August 17, 2000, Petitioner filed his current habeas corpus petition, in which he raises the same claims that were raised in his state court appeal. In other words, Petitioner is once again contending that the trial court abused its discretion in determining that he intentionally violated the terms of his probation, and that the need for incarceration outweighed the policy reasons for continuing probation.[2] For the reasons discussed

---

[2] While Petitioner presented his claims as two separate grounds for relief in his state court appeals, his current petition actually lists three grounds for relief. However, the Court finds no meaningful distinction between ground one and ground three of the present petition. (Ground one is labeled "THE COURT ABUSED ITS DISCRETION WHEN IT REVOKED PROBATION WHERE THE NEED FOR CONFINEMENT DID NOT OUTWEIGH THE POLICIES FAVORING PROBATION," and ground three is labeled "THE JUDGE ABUSED HIS DISCRETION WHEN HE HELD THAT THE NEED FOR

below, this Court finds that Petitioner's current claims cannot be entertained in a federal habeas corpus proceeding.

## II. DISCUSSION

A federal district court may entertain a habeas corpus petition filed by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, federal habeas corpus relief is available only for violations of federally protected rights. Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension").

The instant petition makes no reference to the federal Constitution or any federal law. All of Petitioner's arguments involve only state law issues. He claims only that the state court trial judge abused his discretion, and misapplied state law, in resolving several issues pertaining to the revocation of Petitioner's probation. The U.S. Supreme Court has repeatedly held, however, that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution,

---

CONFINEMENT OF AN ADDICT OUT WEIGH THE POLICIES FAVORING PROBATION.") If Petitioner is actually intending to raise some new claim here that was not raised in his state court appeals, then he has obviously failed to exhaust his state court remedies with respect to that new claim, as required by 28 U.S.C. § 2254(b)(1). However, even if there is an unexhausted claim presented here, that claim can properly be denied on the merits. See 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

law or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67 (1991).

Again, Petitioner has not identified any constitutional basis for any of his claims in this case. The Constitution is never mentioned, or even alluded to, anywhere in the petition, and nothing in the petition suggests that any federal constitutional principles might be implicated here. Because no federal constitutional dimension can be found in any of Petitioner's claims for relief, his petition cannot be entertained in federal court.

In addition to the petition itself, Petitioner has also filed a one-page, self-styled motion, entitled "Motion To Accept Petition," (Docket No. 2), which includes the following statement:

> "The petitioner asserts that by the court treating him different than he treated other defendants in similar situations was inherently unfair. Therefore, the petitioner has been denied his 14th Amendment right to protection mandated by the United States Constitution."

Even if Petitioner intended this statement to be a separate habeas claim based on an alleged violation of the Fourteenth Amendment's Equal Protection Clause, it would not save this case from summary dismissal. Any equal protection claim that Petitioner might now be attempting to advance cannot be entertained here, because it was not raised in his state court proceedings.

Federal courts normally will not entertain a constitutional claim that is raised in a federal habeas corpus petition, unless that claim has first been fairly presented to, and decided on the merits by, the highest possible state court. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine

whether the petitioner has fairly presented his federal constitutional claims to the state court"); Hall v. Delo, 41 F.3d 1248, 1249 (8th Cir. 1994) (same). Here, the claims that Petitioner raised in the state courts, as described in his current petition, (Petition, p. 4-A), made no reference to the federal Constitution. Moreover, if he presented his claims in the state courts the same way he presented them here, the state courts never would have suspected that he was attempting to advance any constitutional argument. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam) ("[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). Not surprisingly, the Minnesota Court of Appeals' opinion in Petitioner's case makes no reference to equal protection or any other constitutional principle. Indeed, the opinion does not even cite any federal case law. It is readily apparent that the Court of Appeals found no constitutional claim in Petitioner's direct appeal, because no such claim was presented there.

A constitutional claim raised in a federal habeas corpus petition that has not been previously raised in state court will be viewed as either an unexhausted claim or a procedurally defaulted claim. McCall v. Benson, 114 F.3d at 757; Cox v. Lockhart, 970 F.2d 448, 453 (8th Cir. 1992). The claim will be deemed unexhausted if it can still be reviewed in state court, but it will be deemed to be procedurally defaulted if the state courts will no longer review it because "an independent and adequate state procedural rule" precludes further litigation of the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Cox v. Lockhart, supra; Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir.

1994); Kennedy v. Delo; 959 F.2d 112, 115 (8th Cir.) ("petitioner must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims"), cert. denied, 506 U.S. 857 (1992). If the claim at issue is merely unexhausted, the petition will be dismissed without prejudice so that the petitioner can return to state court and attempt to satisfy the exhaustion requirement. However, if a procedural default has occurred, so that the petitioner can no longer pursue his unexhausted constitutional claim in state court, then the petition will be dismissed with prejudice.

In the instant case, any constitutional claim that Petitioner might be able to construct has been procedurally defaulted, rather than merely unexhausted, because it is now too late to raise such a claim in the state courts. Petitioner is foreclosed from returning to the state courts with a new constitutional claim, (if he could actually devise one), by reason of state procedural principles governing waivers of claims. Minnesota law provides that once a prisoner has completed his direct appeal, he is precluded from litigating any additional claims that could have been raised on appeal, but were not. McCall, 114 F.3d at 757, citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995).

Any constitutional claim that Petitioner might have intended to raise here could have been presented in his state court appeal, but again, no such claim was raised there. Thus, Petitioner has procedurally defaulted any possible constitutional claim that he may have wanted to bring to federal court, because he failed to pursue any such claim in his prior

state court appeal.[3] McCall, 114 F.3d at 757-58, citing Knaffla, supra; Roby, supra; Dent v. State, 441 N.W.2d 497, 499 (Minn. 1989); Fox v. State, 474 N.W.2d 821, 824 (Minn. 1991). Although a petitioner's procedural default can be overcome by showing cause and prejudice or actual innocence, (Coleman v. Thompson, 502 U.S. at 750), the instant Petitioner has made no effort to satisfy either of those standards, and the Court finds no reason to believe that he could do so.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner has not identified any federal constitutional basis for his current claims for relief, and that his claims therefore cannot be reviewed in a federal habeas corpus action. Furthermore, even if Petitioner intended to present a constitutional claim here, he has not fairly presented any such claim in his previous state court proceedings. State procedural rules preclude him from returning to state court to raise any constitutional claim that he may now have in mind, so any such claim has been procedurally defaulted. Because Petitioner has not shown cause and prejudice, or proof of his actual innocence, his procedural default cannot be excused. It is therefore recommended that the instant petition be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.

---

[3] It is worth noting that even if Petitioner intended to raise an equal protection claim here, and even if that claim were not procedurally defaulted, summary dismissal of this action would still be recommended. Petitioner's vague reference to the Fourteenth Amendment, and his wholly unsubstantiated allegation of being treated differently from other defendants, do not provide an adequate basis for granting habeas corpus relief.

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's application for a Writ of Habeas Corpus, (Docket No. 1), be **SUMMARILY DENIED**;

2. Petitioner's "Motion To Accept Petition," (Docket No. 2), be **DENIED**; and

3. This action be **DISMISSED WITH PREJUDICE**.

Dated: August 25, 2000

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.