**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Ricardo B. Marones,

Petitioner,

Civil No. 00-1947 (RHK/SRN)

vs.

**ORDER**

Minnesota Department of Corrections,

Respondent.

---

Before the Court is Petitioner's Objection[1] to the August 25, 2000 Report and Recommendation of Magistrate Judge Susan Richard Nelson recommending the dismissal with prejudice of the Petition for Writ of Habeas Corpus.

The undersigned has conducted the required de novo review of the objected to portions of the Report and Recommendation. That review satisfies the Court that Judge Nelson's thorough and well reasoned analysis of Petitioner's claims is fully supported factually and legally. Accordingly, it will be adopted.

Upon all the files, records and proceedings herein, **IT IS ORDERED**:

1. Petitioner's Objections (Doc. No. 6) is **OVERRULED**;

2. The Report and Recommendation (Doc. No. 4) is **ADOPTED**;

---

[1]Petitioner has also filed a "Personal Letter regarding Case No. 00-1947 (RHK/SRN)."

SEP 18 2000
FILED
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD SEP 18 2000
DEPUTY CLERK

3. Petitioner's application for a Writ of Habeas Corpus (Doc. No. 1) is **SUMMARILY DENIED**;

4. The Motion to Accept Petition (Doc. No. 2) is **DENIED**; and

5. The Petition is **DISMISSED WITH PREJUDICE**.

Dated: September 18, 2000

RICHARD H. KYLE
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: SEP 18 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995