**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

RICADO B. MARONES,

Petitioner,

v.

MINNESOTA DEPARTMENT OF CORRECTIONS,

Respondent.

Civil No. 00-1947 (RHK/SRN)

**ORDER**

**INTRODUCTION**

Petitioner commenced this action by filing a habeas corpus petition challenging the revocation of his probation in a state criminal case. See State v. Marones, No. C4-99-2069, (Minn.App.2000), 2000 WL 228411 (unpublished op.) The matter was assigned to Magistrate Judge Susan Richard Nelson, who recommended that this action be summarily dismissed because (a) the petition did not identify any constitutional basis for Petitioner's claims, and (b) any constitutional claims that Petitioner might have been attempting to raise were procedurally defaulted, because they were never fairly presented to the state courts. (Report and Recommendation, ["R&R"], dated August 25, 2000, [Docket No. 4].) By order dated September 18, 2000, this Court overruled Petitioner's objections to the R&R, and ordered that the case be dismissed with prejudice. (Docket No. 7.)

On September 26, 2000, Petitioner filed a Notice of Appeal in this action, which the Clerk of Court construed to be both a Notice of Appeal, and a motion requesting a Certificate of Appealability, ("COA"). (Docket Nos. 10 and 11.) For the reasons discussed below, the Court concludes that Petitioner is not entitled to a COA in this matter.

FILED OCT 05 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## DISCUSSION

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S.Ct. 89 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983).

In its recent decision in Slack v. McDaniel, the Supreme Court explained how the federal district courts should handle COA requests in habeas cases that have been dismissed on procedural

grounds, rather than on the merits.

> "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' Ashwander v. TVA, 297 U.S. 288, 347 ... (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The Ashwander rule should inform the court's discretion in this regard."

120 S.Ct. at 1604.

In this case, the Court finds that Petitioner's COA request can be fully resolved by applying only the second of the two threshold criteria identified by the Supreme Court in Slack – i.e., "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." Id.

After again considering the record as whole, the Court remains fully satisfied that Petitioner's application for habeas corpus relief was properly dismissed for the reasons discussed in the Magistrate Judge's R&R. As the Magistrate Judge correctly pointed out, Petitioner cannot be granted federal habeas corpus relief, because his petition does not identify any constitutional basis for his claims. Furthermore, even if Petitioner could show that there is some constitutional dimension to his habeas claims, those claims still could not be entertained here, because he did not fairly present his claims as federal constitutional claims in his various state court proceedings. Because it is now too late to bring a constitutional claim back to the state courts, Petitioner has procedurally defaulted any such claim(s). Petitioner has not satisfied the "cause and prejudice" requirement, and he has offered no new evidence

proving his actual innocence,[1]" so his procedural default cannot be excused.

In short, it is abundantly clear that Petitioner's habeas corpus petition was properly dismissed, and it is inconceivable that any "reasonable jurist" could have reached a different conclusion. Thus, the Court concludes that Petitioner is not entitled to a COA in this matter.[2]

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's request for a Certificate of Appealability, (Docket No. 11), is DENIED.

Dated: October 5, 2000

RICHARD H. KYLE
United States District Court Judge

---

[1] In a letter to the Court dated September 11, 2000, (Docket No. 9), Petitioner expressly acknowledges that he "was locked up for having a dirty urine analyses."

[2] The Court notes that Petitioner presumably will have to either pay the full $105 filing fee for his appeal, or else seek and obtain leave to proceed in forma pauperis, ("IFP"). At present, of course, there is no IFP application before the Court, so Petitioner's eligibility for IFP status on appeal is not now before the Court and will not be decided here. (Petitioner obviously could elect to pay the full filing fee at the appellate court level, just as he did at the district court level, in which case there would be no need for him to seek IFP status.) Petitioner should bear in mind, however, that the Court has found no arguable factual or legal basis for an appeal in this matter, (for the reasons discussed herein). Therefore, if Petitioner would ask for leave to proceed IFP on appeal, the Court would likely conclude that such request should be denied on the grounds that the appeal is not taken "in good faith." See 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (an appeal is frivolous, and is therefore not taken in good faith, "where it lacks an arguable basis either in law or in fact").