**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

RICARDO B. MARONES,

Petitioner,

v.

MINNESOTA DEPARTMENT OF CORRECTIONS,

Respondent.

Civil No. 00-1947 (RHK/SRN)

**ORDER**

This matter is before the Court on Petitioner's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 13.)

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, it is unnecessary to determine whether Petitioner is financially eligible for IFP status, because the Court has already determined that his appeal is not taken in good faith. The

FILED OCT 27 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

Court's recent order denying Petitioner's request for a Certificate of Appealability pointed out that there is no arguable factual or legal basis for an appeal in this matter. (Order dated October 5, 2000, [Docket No. 12].) That order explained why Petitioner's habeas corpus claims are unworthy of appellate review, and it expressly informed Petitioner that if he applied for IFP status, "the Court would likely conclude that such request should be denied on the grounds that the appeal is not taken 'in good faith.'" (Id.., p.4, n. 2.) There is no reason to reiterate the inadequacies of Petitioner's habeas corpus application; they were sufficiently explained in both the Magistrate Judge's Report and Recommendation, (Docket No. 4), and the prior order denying Petitioner's request for a Certificate of Appealability.

Because there are no arguable factual or legal issues to be decided on appeal, the Court concludes that Petitioner's appeal is not taken in good faith. His application for leave to proceed IFP on appeal will therefore be denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's application for leave to proceed in forma pauperis on appeal, (Docket No. 13), is DENIED.

Dated: October 27, 2000

RICHARD H. KYLE
United States District Court Judge